IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF/RESPONDENT |
| v.      Civil No. 05-2095<br>Crim. No. 98-20022-001 | |
| PHILLIP HANEY | DEFENDANT/MOVANT |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the self-prepared motion of Phillip Haney to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response.

In 1999, Haney was convicted by a jury of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 292 months prison and 8 years supervised release. The Eighth Circuit affirmed in an unpublished opinion. *United States v. Haney*, 208 F.3d 21, 2000 WL 232629 (8th Cir. 2000).

In 2001, Haney filed a § 2255 motion arguing he was entitled to sentencing relief on the basis of ineffective assistance of counsel. *United States v. Haney*, No. 01-2036. The motion was denied without a hearing and the Eighth Circuit dismissed Haney's appeal.

In the instant motion, Haney challenges his sentencing under *Blakely v. Washington* and *United States v. Booker*. He claims that his sentence was enhanced based on factors not admitted by him or found by the jury.

This court has no jurisdiction over the motion. Section 2255 provides that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Haney must, therefore, file an application in the Eighth Circuit Court of Appeals and receive authorization before proceeding with his second motion in this court. I recommend that the instant action be dismissed without prejudice.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 23rd day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE